IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN FLETCHER, individually and on behalf of all those similarly situated | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-641 |
| v. | ) ) | Judge Cathy Bissoon |
| CAMPBELL DEVELOPMENT LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Sean Fletcher's ("Plaintiff") Unopposed Motion to Approve Settlement (Doc. 33) is GRANTED.

Plaintiff seeks approval of a proposed settlement for his personal claims ("Settlement Agreement") under the Fair Labor Standards Act ("FLSA") against Defendant Campbell Development LLC ("Defendant"). As the parties note, and the Court agrees, the law in the Court of Appeals for the Third Circuit is unclear as to whether the parties require court approval of a proposed settlement of an individual action. Nonetheless, given the parties' specific request for Court-approval, and that other courts in this District have approved settlements in similar situations, the Court will consider this motion for approval of settlement. *See* Horton v. Right Turn Supply, LLC, 455 F.Supp.3d 202, 205 (W.D. Pa. April 23, 2020) (considering a motion for approval of settlement of individual FLSA claims "to provide the parties comfort").

In determining whether to approve a proposed settlement of FLSA claims in a class action, district courts in this Circuit have followed the majority position of other circuits in determining that judicial approval is necessary. *See* Bettger v. Crossmark, Inc., 2015 WL279754

at *3 (M.D. Pa. Jan. 22, 2015) (noting that "[i]n absence of guidance from the Third Circuit, courts have routinely employed the considerations set forth by the Eleventh Circuit…to evaluate proposed settlement agreements."). Specifically, to garner judicial approval, a proposed settlement must be a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at *4 (internal citations and quotations omitted).

This case concerned FLSA overtime claims and Plaintiff's classification as an independent contractor. As the parties represent that during the course of informal discovery, Defendant produced "substantial evidence in support of its defenses," (Memo in Support of Unopposed Motion to Approve Settlement, "Brief ISO," Doc. 34, at 4) the Court finds that the evidence would produce "some doubt as to whether [Plaintiff] would succeed on the merits at trial," creating a bona fide dispute. Crossmark, 2015 WL279754 at *4.

As to fairness in a class action context, courts in this Circuit generally look to the nine factors outlined in Girsh v. Jepson[1], 521 F.2d 153 (3d. Cir. 1975) (internal quotations and citations omitted). However, as noted in Horton, many of these factors do not assist the court in assessing the fairness of a single-plaintiff settlement. In this context, the most important factor of the fairness analysis would likely be the reasonableness of Plaintiff's settlement in light of the best possible recovery. Although this case settled relatively early and before the Court issued any formal discovery schedule, the parties represent that "informal information exchange…allowed the Parties to objectively and empirically determine the number of alleged

---

[1] The factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

unpaid overtime hours…[and] determine the amount of alleged unpaid overtime Plaintiff could potentially recover" and that the Settlement Agreement provides Plaintiff with compensation for his "alleged unpaid overtime during the applicable statute of limitations period, adjusted by a reasonable offset based on evidence adduced in support of Defendant's counterclaim." Brief ISO at 4-5. By comparison, the costs of continuing to litigate the case would likely reduce Plaintiff's potential recovery, assuming arguendo that Plaintiff prevailed on all his allegations.

As to Plaintiff's attorneys' fees, counsel seeks a fee of approximately 21% of the total settlement under the percentage-of-recovery theory and actual costs of $1,250 for filing fees, motions and service. Courts in this Circuit have approved percentage-of-recovery rates anywhere from approximately 20-45%. *See* Mabry v. Hildebrandt, 2015 WL 5025810, at *3-4 (E.D. Pa. Aug. 24, 2015) (collecting cases). As such, the Court finds that the requested attorneys' fees are reasonable.

Finally, the Court notes that generally, there is a "strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view." Lyons v. Gerhard's Inc., 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015). However, given the parties' representation that the negotiation of the Settlement Agreement was based partly in reliance on the confidentiality of the settlement, the Court finds that sealing is appropriate in this case, and given that the settlement seeks to settle only Plaintiff's individual claims, the same general principles of public interest do not apply. *See* LEAP Systems, Inc. v. MoneyTrax, Inc., 638 F.3d 216, 222-23 (3d. Cir. 2011) (finding that a settlement agreement between private entities that demonstrates a clear intent to maintain confidentiality resulted in minimal public interest in disclosure and could remain under seal).

Consistent with the foregoing, Plaintiff's Unopposed Motion to Approve Settlement (**Doc. 33**) is **GRANTED**. Upon consideration of, and for the reasons set forth in Plaintiff's Unopposed Motion To Approve FLSA Settlement, and the Court, having determined that the action presents a bona fide dispute over FLSA provisions, that the Settlement is fair, reasonable, and adequate and in the best interests of Plaintiff, and that the attorney fees and costs sought by Plaintiff's Counsel are fair and reasonable; IT IS HEREBY ORDERED that the FLSA Settlement Agreement, and all terms and conditions contained therein, be and hereby are APPROVED; IT IS HEREBY FURTHER ORDERED that all claims and counterclaims asserted in this matter are dismissed with prejudice; IT IS HEREBY FURTHER ORDERED that Defendant shall make all payments required by and as set forth in the Settlement Agreement.

IT IS SO ORDERED.

December 16, 2020                                       s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All counsel of record